1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KEVIN WILSON,                         Case No.  1:23-cv-00518-HBK (PC)

12              Plaintiff,                   ORDER TO REFER TO DISTRICT JUDGE

13         v.                               FINDINGS AND RECOMMENDATION TO
                                            DISMISS CASE WITHOUT PREJUDICE FOR
14    HEATHER SHIRLEY, et al.,              FAILURE TO EXHAUST AND/OR FAILURE
                                            TO PROSECUTE
15              Defendant.
                                            FOURTEEN DAY DEADLINE
16

17         Plaintiff, Kevin Wison, is a state prisoner proceeding pro se and *in forma pauperis* in this

18    civil action.  For the reasons set forth below, the undersigned recommends the district court

19    dismiss this action without prejudice for Plaintiff's failure to comply with court orders, failure to

20    prosecute this action, and for failure to exhaust administrative remedies.

21                                   **BACKGROUND**

22         On May 11, 2023, Plaintiff filed his First Amended Complaint under 42 U.S.C. § 1983.[1]

23    (Doc. No. 4, "FAC").  On March 12, 2025 the court issued an order directing Plaintiff to file a

24    notice of current address with the court given the amount of time that had passed since this action

25    was filed.  (*See* Doc. No. 9). Plaintiff filed a change of address on April 21, 2025.  (Doc. No. 10).

26

27    ───────────────
      [1] On March 28, 2023, Plaintiff filed a complaint with 17 other individuals.  (Doc. No. 1 at 1-3).  The Court
      severed Plaintiff from the initial lawsuit and opened this separate civil action.  (*Id.*)  Further, the initial
28    complaint was stricken for lack of signatures resulting in Plaintiff filing his FAC.  (*Id.* at 3).

This case was reassigned to the undersigned on July 3, 2025.  (Doc. No. 11).  After a review of the FAC, it appeared that Plaintiff did not avail himself of the administrative remedies available through the California Department of Corrections ("CDCR") prior to filing suit. Noting that a failure to exhaust administrative remedies is fatal to a prisoner's complaint, and prior to recommending dismissal of this action, the Court issued a show cause order on July 17, 2025 to afford Plaintiff an opportunity to show cause why the Court should not dismiss the FAC for failure to exhaust administrative remedies under the PLRA.  (Doc. No. 12, "Order to Show Cause").  In the alternative, the Court afforded Plaintiff the opportunity to voluntarily dismiss this action to avoid a strike.  (*Id.*).  Plaintiff was required to deliver his response to the Order to Show Cause to correctional officials for mailing no later than August 18, 2025.  The Court warned Plaintiff that, if he failed to timely respond to the Order to Show, the undersigned would recommend the district court dismiss this action as a sanction for failure to comply with a court order, failure to prosecute this action, and/or for failure to exhaust administrative remedies (*Id.* at 4).

As of the date of these Findings and Recommendation, Plaintiff has not responded to the Order the Show Cause and the time to do so has long expired.[2]

**APPLICABLE LAW AND ANALYSIS**

**A.  Failure to Exhaust Administrative Remedies**

As noted in the July 17, 2025 Order to Show Cause, Plaintiff acknowledges on the face of his operative complaint that he did not complete the administrative process before filing the lawsuit.  Further, Plaintiff was directed to address the exhaustion issue by responding to the Court's Order to Show Cause and did not do so.

Courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).  The Prison Litigation Reform Act of 1995 requires:

No action shall be brought with respect to prison conditions under

---

[2] More than 45 days has elapsed from the deadline for Plaintiff to respond to the Order to Show Cause. (Doc. No. 12 at 4).

2

section 12983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as available are exhausted.

42 U.S.C. § 1997e(a); *see also Ross v. Blake*, 578 U.S. 632, 635 (2016). The availability of administrative remedies must be assessed at the time the prisoner filed his action. *See Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017); *see also Saddozai v. Davis*, 35 F.4th 705 (9th Cir. 2022)(noting a plaintiff could supplement, or amend his or her complaint after he or she exhausts his administrative remedies).

The exhaustion procedures set forth by the California Department of Correction and Rehabilitation ("CDCR") requires an inmate to proceed through three formal levels of review unless otherwise excused under the regulation to exhaust available remedies. *See generally* Cal. Code Regs. tit. 15 § 3480-3486.3 (2002).

Plaintiff admits that there is administrative remedy process available to him at his institution, but in response to whether he filed an appeal or grievance he checks the box, "No." (Doc. No. 4 at 2). Specifically, Plaintiff explains "I did not file an individual appeal because I was severed from a class-action complaint from which an administrative remedy had been exhausted. Please see Case No: 1:23-cv-00470 BAM . . .." (*Id.*). As noted, exhaustion is a condition precedent, in other words an inmate must complete the available administrative remedy before he files his civil action in federal court. Moreover, nothing in the case referenced by Plaintiff indicates that he individually exhausted his administrative remedies. *See Damron v. Sims*, 2010 WL 3120061, at *2 (S.D. Ohio Jan. 27, 2010) ("[W]hen suits involve multiple inmate Plaintiffs, each individual inmate must have fully exhausted his administrative remedies prior to suit being filed."), report and recommendation adopted, 2010 WL 3075119 (S.D. Ohio Aug. 3, 2010); *see also, e.g., Sapp v. Kimbrell*, 623 F.3d 813, 823–24 (9th Cir. 2010) ("To fall within [the] exception [to the PLRA's exhaustion requirement], a prisoner must show that he attempted to exhaust his administrative remedies but was thwarted by improper screening. In particular, the inmate must establish (1) that he filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent

1   with or unsupported by applicable regulations.").

2          If a court concludes that a prisoner failed to exhaust her available administrative remedies

3   before filing a civil rights action, the proper remedy is dismissal without prejudice. *See Jones v.*

4   *Bock*, 549 U.S. 199, 223-24 (2007); *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

5   Thus, this action should be dismissed due to Plaintiff's failure to exhaust administrative remedies

6   fully and properly before initiating this lawsuit. *See generally Albino*, 747 F.3d at 1166 (noting a

7   court can also dismiss a case at screening "[i]n the rare event that a failure to exhaust is clear on

8   the face of the complaint."). Further, because exhaustion is apparent from the face of the FAC,

9   the dismissal will constitute a strike under the PLRA. *See El-Shaddai v. Zamora*, 833 F.3d 1036,

10  1043–44 (9th Cir. 2016).

11         **B.  Dismissal Under Local Rule 110 and Federal Rule 41(b)**

12         In the alternative, this Court's Local Rules provides that the "[f]ailure of counsel or of a

13  party to comply with . . . any order of the Court may be grounds for the imposition by the Court

14  of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. "District

15  courts have inherent power to control their dockets" and, in exercising that power, may impose

16  sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782

17  F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to

18  prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*,

19  963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to

20  amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987)

21  (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424

22  (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

23         Additionally, Federal Rule of Civil Procedure 41(b) permits the court to involuntarily

24  dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules

25  or with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913

26  F.3d 884, 889 (9th Cir. 2019) (citations omitted). In determining whether to dismiss an action

27  under Rule 41(b), the Court must consider several factors: (1) the public's interest in expeditious

28  resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the

4

1    defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

2    availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d

3    1439, 1440 (9th Cir. 1988).

4         Considering Local Rule 110, the court appraised Plaintiff in its Order to Show Cause that

5    the Court would recommend dismissal as a sanction for failing to comply with a Court order.

6    (*See* Docs. No. 12 at 4). Thus, the Court may dismiss this case pursuant to Local Rule 110.

7         With regards to the factors under Rule 41, the undersigned concludes dismissal without

8    prejudice is also warranted in this case. As to the first factor, the expeditious resolution of

9    litigation is deemed to be in the public interest. *Yourish v. California Amplifier*, 191 F.3d 983,

10   990-91 (9th Cir. 1999).

11        Turning to the second factor, this Court's need to efficiently manage its docket cannot be

12   overstated. This Court has one of the heaviest caseloads in the nation, and due to the delay in

13   filling judicial vacancies, which was further exacerbated by the COVID-19 pandemic, operated

14   under a declared judicial emergency through May 2, 2021. *See In re Approval of the Judicial*

15   *Emergency Declared in the Eastern District of California*, 956 F.3d 1175 (9th Cir. 2020). This

16   Court's time is better spent on its other matters than needlessly consumed managing a case with a

17   recalcitrant litigant. The Court cannot effectively manage its docket when a litigant ceases to

18   litigate his/her case or respond to a court order. Thus, the Court finds that the second factor

19   weighs in favor of dismissal.

20        Delays inevitably have the inherent risk that evidence will become stale, or witnesses'

21   memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third

22   factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968). Thus, the third factor—risk of prejudice

23   to defendant—weighs in favor of dismissal since a presumption of injury arises from the

24   unreasonable delay in prosecuting an action. *Anderson v. Air W*., 542 F.2d 522, 524 (9th Cir.

25   1976). Because Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action,

26   the third factor weighs in favor of dismissal.

27        The fourth factor usually weighs against dismissal because public policy favors the

28   disposition of cases on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).

However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges."). Further, as noted, it appeared from the face of the FAC that Plaintiff had failed to exhaust his administrative remedies.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. As noted *supra*, the Court's Order to Show Cause expressly warned Plaintiff that his failure to timely comply would result in a recommendation of dismissal of this action. Thus, Plaintiff had adequate warnings that dismissal could result from his noncompliance. And the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rule 110.

Accordingly, it is **ORDERED**:

The Clerk of Court randomly assign this case to a district judge for purposes of these Findings and Recommendation

Accordingly, it is **RECOMMENDED**:

1. This action be DISMISSED without prejudice for Plaintiff's failure to exhaust his administrative remedies.

2. In the alternative, the case be DISMISSED without prejudice for Plaintiff's failure to prosecute this case and  obey a court order.

6

1

**NOTICE TO PARTIES**

2   These Findings and Recommendations will be submitted to the United States District

3 Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days

4 after being served with a copy of these Findings and Recommendations, a party may file written

5 objections with the Court. *Id*.; Local Rule 304(b). The document should be captioned,

6 "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen**

7 **(15) pages.** The Court will not consider exhibits attached to the Objections. To the extent a party

8 wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its

9 CM/ECF document and page number, when possible, or otherwise reference the exhibit with

10 specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the

11 District Judge when reviewing these Findings and Recommendations under 28 U.S.C. §

12 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the

13 waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

14

15 Dated:   October 3, 2025

16              HELENA M. BARCH-KUCHTA

17              UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28